## No. 37

### KOKENSPARGER v. STATE

#### No. 19453—Supreme Court.

On motion to certify. Dock. Dec. 3, 1925; 3 Abs. 754.

**661. INTOXICATING LIQUOR—Is wine manufactured in a bona fide residence for exclusive home use, legal under the savings clause of 6212-17 GC. or does such manufacture subject the maker to fine or imprisonment under General Code Sections 6212-20?**

By virtue of a search warrant the home of Al Kokensparger was searched for intoxicating liquor and a small quantity of grape wine was found and thereupon an affidavit was filed charging Kokensparger with illegal possession of intoxicating liquor.

Undisputed evidence revealed that grape juice had been made on the premises of plaintiff in error which in the course of time became intoxicating, but that said wine had been used exclusively in the home and none had been sold or given away.

Kokensparger was fined by the Mayor's Court, which verdict was affirmed by the Perry Court of Appeals and now he seeks an order requiring the Court of Appeals to certify its record.

The reversible error complained of is the admission as evidence of the grape juice or wine and containers, including samples for analysis and the affidavit for search and the search warrant on the ground that the home of plaintiff in error is a bona fide private residence and that said liquid comes within the saving clause of 6212-17 GC.

Attorneys—O. K. Parrott and Tague & Tague New Lexington, for Kokensparger.

## No. 38

### NEW AMSTERDAM HOTEL CO. v. SABLE

#### No. 19459. Supreme Court

On motion to certify. Dock. Dec. 7, 1925; 3 Abs. 770.

**714. LIABILITY—Is a boarding house keeper liable to a boarder for the theft of the boarder's property, by reason of a defective latch on a window through which the thief made an entrance?**

Max Sable, for a considerable time previous to October 18, 1919, rented a suite of rooms on the first floor of the New Amsterdam Hotel, the bedroom having a window, opening on a court which runs back to a public alley. It was alleged in the petition that the lock on the window became defective so that the window could not be locked and that Sable notified the manager of the hotel several times of this defect; that by reason of this defective lock, a thief entered the bedroom through the window during Sable's absence and stole certain of his personal property to the value of $343.40. Sable alleged the relationship of boarder and boarding house-keeper.

One Norman, with whom Sable was rooming, returned to the room late in the evening on October 18, 1919, and found the door bolted from the inside. When an entrance was effected the theft was learned.

Neither Sable nor Norman were able to testify that the window was latched and the Ho-tel denied that it was notified of any defect in the lock.

Judgment was rendered for Sable for $151.50 the the Cleveland Municipal Court, which judgment was affirmed by the Court of Appeals.

The Hotel Co. contends that, as the burden of proof is on Sable to show that the loss was caused by its negligence, and as there was no evidence to so prove, that the judgment was against the weight of the evidence.

It is also contended that the court erred in permitting Sable to testify as to the worth of the property by deducting 25% of the original cost, because, it is claimed, the measure of damages is the actual value of the property, and not what it would have cost to reconstruct or replace the same, with deductions for wear and tear.

Attorneys—Wallace J. Barker, Snyder, Henry, Thomsen, Ford & Seagrave, for Hotel; Krueger & Pelton, for Sable; all of Cleveland.

## No. 39

### CHAMER v. MLASOVSKI

#### No. 19450. Supreme Court

On motion to certify. Dock. Nov. 30, 1925; 3 Abs. 754.

**997. REAL PROPERTY—In what manner and by what evidence must one, who conveys his property to another for the purpose of enabling the transferee thereof to obtain a mortgage loan on said property, prove that said property was conveyed in trust in order to defeat the lien on said property of a judgment rendered against the transferee while the legal title was vested in him?**

Mary Chamer purchased from one Surgala in September, 1922, the property in question and, in consideration of a cash payment and the assumption of a mortgage, title was conveyed by warranty deed. Concurrently with the sale Surgala agreed in writing to obtain new mortgage loans for the vendee and for this purpose Chamer reconveyed the property to Surgala, intending it is stated, to create a trust. The loans were obtained and shortly thereafter on June 27, 1923, Surgala reconveyed the property to Chamer, who had been in continuous possession of said property since September, 1922.

In the mean time, Rose Mlasovski had obtained a judgment against Surgala during February, 1923, in Lorain County by virtue of which a foreign execution was levied on the property in question and this action was commenced in the Cuyahoga Common Pleas to subject this property to the satisfaction of this judgment.

The Court of Appeals, without opinion, ordered Surgala's equity of redemption in the property foreclosed unless said judgment be paid within three days.

Chamer contends that the ruling and judgment of the Court of Appeals was unsustained and unsupported by the evidence because it was clearly shown that the property was held by Surgala as trustee.

Attorneys—Joseph C. Bloch and H. A. Tilden for Chamer; John Babka for Mlasovski; all of Cleveland.